**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**EDWARD E. BARBER,**

      **Plaintiff,**

  vs.                                     **Civil Action 2:07-CV-004
Judge Smith
Magistrate Judge King**

**OHIO UNIVERSITY,** *et al.***,**

      **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated in Georgia, seeks leave to proceed in a civil action in this Court without prepayment of fees or costs. In his application for leave to proceed *in forma pauperis,* plaintiff acknowledges that he has, on more than three occasions and while incarcerated, brought an action or an appeal in a federal court that was dismissed as frivolous, malicious or as failing to state a claim upon which relief may be granted. *Motion for Leave to Proceed in Forma Pauperis,* Doc. No. 1, at p.7. Under these circumstances, plaintiff cannot proceed *in forma pauperis* unless he "is under imminent danger of serious physical injury." 28 U.S.C. §1915(g). Plaintiff contends that he is under such danger. The Court concludes that plaintiff has failed to establish any nexus between the claims sought to be asserted in this action and any danger of imminent physical injury. His application for leave to proceed *in forma pauperis* must therefore be denied.

The complaint names as defendants Ohio University, its president and a university bookkeeper. Although plaintiff's hand-written complaint is almost illegible, it appears that plaintiff's claims arise in connection with two accounting courses taken by plaintiff through the defendant university. Plaintiff alleges that he was overcharged $500.00 and that his grade in one course should have been, but was not, a "B."

Plaintiff goes on to allege that his requests for relief were ignored by university personnel and that mail sent by him to the Better Business Bureau regarding the dispute never arrived which, plaintiff insists, "indicated that [Georgia] prison staff had under instructions from defendants intercepted his letter . ..." *Complaint,* at p.5A, attached to Doc. No. 1.

In support of his allegation of danger of imminent physical harm, plaintiff recounts a series of assaults on him while in prison in Georgia beginning in 1999 and extending to the present.[1] He relates these assaults to his litigation efforts generally and in particular to a lawsuit filed in this Court against Ohio University and its officials as well as Georgia prison officials. *Barber v. Ohio University, et al.,* C-2-98-1311.[2]

The "imminent danger" safety-valve of the "three strikes provision" contained in 28 U.S.C. §1915(g) has been applied in instances where the lawsuit sought to be filed by the inmate may alleviate the imminent danger alleged by the inmate. *See, e.g., Ciarpaglini v. Saini*, 352 F.3d 328 (7th Cir. 2003) (alleged denial of necessary medical care). *See also Wilson v. 52nd Dist. Ct.,* 2002 WL 1009561 (E.D. Mich. 2002)(unpublished)(ifp status denied where defendants in new litigation have no control over the conditions that allegedly present imminent danger).

There is no reason to conclude that any imminent danger alleged by plaintiff is logically connected to the claims sought to be

---

[1] The alleged "assaults" include not only alleged physical attacks by Georgia prison officials and fellow inmates, but also a heart attack caused by "an unknown chemical substance in plaintiff's food tray," and a denial of dentures. *Complaint,* at p.2A.

[2] In that action, the claims against the university defendants were dismissed, and the claims against the Georgia prison officials were transferred to the federal court in Atlanta, Georgia.

asserted by him in this action; plaintiff does not even allege that his pursuit of these claims -- or even his recovery on these claims -- will alleviate the danger that he fears.

Accordingly, it is **RECOMMENDED** that plaintiff's application for leave to proceed *in forma pauperis* be denied, that plaintiff be ordered to pay the full filing fee within thirty (30) days and that plaintiff be advised that his failure to do so will result in the dismissal of the action for want of prosecution.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within ten (10) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

January 25, 2007                               s/Norah McCann King
                                              Norah McCann King
                                         United States Magistrate Judge