IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EDWARD E. BARBER,**

    **Plaintiff,**

  vs.                                    Civil Action 2:07-CV-004
                                                Judge Smith
                                                Magistrate Judge King

**OHIO UNIVERSITY,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

      The complaint in this action names as defendants Ohio University, its president and a university bookkeeper. Plaintiff, an inmate currently incarcerated in Georgia, alleges that he was overcharged $500.00 in connection with classwork pursued by him at the university and that his grade in one course should have been, but was not, a "B." Plaintiff goes on to allege that his requests for relief were ignored by university personnel and that mail sent by him to the Better Business Bureau regarding the dispute never arrived; this fact, plaintiff insists, "indicated that [Georgia] prison staff had under instructions from defendants intercepted his letter . ..." *Complaint,* at p.5A, attached to Doc. No. 1.

      Plaintiff sought leave to proceed in this Court without prepayment of fees or costs. In his application for leave to proceed *in forma pauperis,* plaintiff acknowledged that he has, on more than three occasions and while incarcerated, brought an action or an appeal in a federal court that was dismissed as frivolous, as malicious or as failing to state a claim upon which relief may be granted. *Motion for Leave to Proceed in Forma Pauperis,* Doc. No. 1, at p.7. In a *Report and Recommendation* issued on January 25, 2007, the United States Magistrate Judge recommended that plaintiff be denied leave to proceed *in forma*

*pauperis*. Although plaintiff alleged that he "is under imminent danger of serious physical injury," *See* 28 U.S.C. §1915(g), the Magistrate Judge reasoned that plaintiff failed to establish a nexus between the claims sought to be asserted in this action and any danger of imminent physical injury. This matter is now before the Court on plaintiff's objections to the *Report and Recommendation,* which the Court has considered *de novo*. 28 U.S.C. §636(b).

An inmate who, like plaintiff, has brought an action on three or more occasions that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim cannot thereafter proceed *in forma pauperis* unless "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g) ("the three strikes provision"). Plaintiff alleges that, beginning in 1999, he has been subjected to a series of assaults and abuse by Georgia prison authorities and he relates these assaults to his litigation efforts, including a prior action in this Court, against Ohio University and its officials. Plaintiff therefore alleges that he is under imminent danger of serious physical injury within the meaning of the three strikes provision.

The Magistrate Judge held that the "'imminent danger' safety valve of the 'three strikes provision' [applies only to] instances where the lawsuit sought to be filed by the inmate may alleviate the imminent danger alleged by the inmate." *Report and Recommendation,* p. 2, (citations omitted), Doc. No. 2. The Magistrate Judge went on to reason that "any imminent danger alleged by plaintiff is [not] logically connected to the claims sought to be asserted by him in this action; plaintiff does not even allege that his pursuit of these claims -- or even his recovery on these claims -- will alleviate the danger that he fears." *Id.,* pp. 2-3.

In his objections, plaintiff reiterates that he is indigent and that he "needs the money." *Objections*, p.1, Doc. No. 4. That fact, which

2

the Court is willing to concede, is irrelevant to the issue of whether plaintiff may properly proceed *in forma pauperis*.[1] Plaintiff also argues that the alleged denial of his right to due process as alleged in his complaint is sufficient to satisfy the safety valve provisions of §1915(g). Plaintiff is wrong. The statute expressly requires "serious *physical* injury," not legal injury, even serious legal injury. Next, plaintiff contends that application of the three strikes provision to him is unconstitutional. However, the United States Court of Appeals for the Sixth Circuit has upheld the three strikes provision against constitutional challenge. *Wilson v. Yaklich,* 148 F.3d 596, 604-06 (6th Cir. 1998). Although plaintiff continues to insist that there is a connection between his claims against the defendant university and Georgia prison officials, this Court agrees with the Magistrate Judge that there "is no reason to conclude that any imminent danger alleged by plaintiff is logically connected to the claims sought to be asserted by him. ..." *Report and Recommendation,* pp. 2-3, Doc. No. 2.

Having carefully reviewed the record in this action, the *Report and Recommendation* and plaintiff's objections thereto, the Court **DENIES** plaintiff's objections and **ADOPTS** and **AFFIRMS** the *Report and Recommendation.* Plaintiff's application for leave to proceed *in forma pauperis* under 28 U.S.C. §1915(a),(g) is **DENIED.**

This action is hereby **DISMISSED.**

                 s/George C. Smith
                 George C. Smith, Judge
                 United States District Court

---

[1] Plaintiff has submitted an *Amended Complaint,* Doc. No. 5, in which he alleges, *inter alia,* that money recovered in this lawsuit could be used to retain legal counsel which, in turn, could assist plaintiff in combating the alleged abuse suffered by him at the hands of the Georgia prison officials. This allegation is, in the opinion of this Court, too attenuated to satisfy the imminent danger safety valve provision of 28 U.S.C. §1915(g).